UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN ZIMMERMAN,

    Plaintiff,

v.                                          Case No: 8:21-cv-2155-CEH-SPF

ASSUREDPARTNERS, INC. and FIA
LIQUIDATION COMPANY INC.,

    Defendants.
_____/

# ORDER

This matter comes before the Court on the Defendants' Motion for Temporary Stay (Doc. 30), filed on February 25, 2022. In the motion, Defendants request the Court stay the action pending anticipated legislative amendments to the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. 501.059. Plaintiff filed a response in opposition. Doc. 37. Additionally, Defendants filed a supplement to their motion acknowledging that the Florida legislative session ended on March 14, 2022, without amending the FTSA, as anticipated by the motion. Doc. 33. The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Motion for Temporary Stay.

## DISCUSSION

Plaintiff, Jacquelyn Zimmerman, proceeding *pro se*, initiated this action on September 10, 2021, against Defendants, Assured Partners, Inc. and FIA Liquidation Company, Inc., alleging violations under state and federal law. In an eight-count

Second Amended Complaint filed November 10, 2021, Plaintiff alleges federal claims for violation of the Telephone Consumer Protection Act, 47 U.S. § 227 ("TCPA") (Counts I, II, III, IV) and state law claims for violation of the FTSA (Counts V, VI, VII, IX).¹ Doc. 21. In sum, Plaintiff complains that Defendants engaged in an aggressive telemarketing campaign in which it placed hundreds of auto-dialed calls to Plaintiff's cellular telephone despite Plaintiff's telephone number being registered on the National Do Not Call Registry. *Id.* ¶ 4. Plaintiff alleges injuries of invasion of privacy, annoyance, nuisance, and disruption of daily life. *Id.* ¶ 5. She seeks statutory damages and injunctive relief. *Id.* ¶ 6.

On February 25, 2022, Defendants filed a motion requesting the Court stay this action "because the Florida Legislature may soon amend Florida law in a manner that should be dispositive of Plaintiff's claims under the [FTSA]." Doc. 30 at 1. In support, Defendants cite to opinions from the Southern District of Florida in which a stay had been granted due to the "automated system" language of the FTSA being challenged on constitutional grounds. *Id.* at 2 (citing *Turizo v. Subway Franchisee Advert. Fund Trust Ltd.*, Case No. 0:21-cv-61493-RAR, ECF No. 33 (S.D. Fla. Nov. 4, 2021) (granting stay pending a motion to dismiss based on constitutional challenges to the FTSA's autodialer definition); *Grieben v. Fashion Nova, Inc.*, Case No. 1:21-cv-23664-BB, ECF No. 41 (S.D. Fla. Jan. 21, 2022) (entering omnibus order that stayed litigation)).

---

¹ Plaintiff's Second Amended Complaint consists of a total of eight counts although there is no count labeled Count VIII. The pleading skips from Count VII to Count IX. *See* Doc. 21 at 40–44.

The Court will deny the motion to stay. First, those opinions are not binding on this Court. Second, this case includes both state and federal claims, and Defendants do not explain why the federal claims should be stayed. Finally, the stay entered in those cases was prior to the expiration of the most recent legislative session. We now know the matter was never reached by the Florida Legislature, and thus the basis for the stay is moot.

Defendants file a Notice with the Court acknowledging that the Legislative Session concluded without the anticipated amendments to the FTSA, but nevertheless Defendants argue the issue is not moot because the Florida Legislature is likely to consider the issue in the next legislative session. Doc. 33 at 2. The Federal Rules of Civil Procedure dictate that courts shall construe, administer, and employ the Rules so as to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A stay of this action would be inconsistent with Fed. R. Civ. P. 1's directive. Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion for Temporary Stay (Doc. 30) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 4, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any